**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **RONNIE K. ROSS, 711154,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **No. 3:13-CV-3649-B** |
| | ) | |
| **TEXAS BOARD OF PARDONS AND PAROLE,** | ) | |
| **ET AL,** | ) | |
| **Defendants.** | ) | |

**FINDINGS CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and an order of the District Court, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge follow:

**I.       BACKGROUND**

Plaintiff is proceeding *pro se* and the Court has granted him leave to proceed *in forma pauperis*. He filed this complaint pursuant to 42 U.S.C. § 1983. Defendants are the Texas Board of Pardons and Parole and the Texas Department of Criminal Justice. Process has not issued pending preliminary screening.

Plaintiff claims Defendants violated his due process rights when they incarcerated him pending a parole revocation hearing. He states he was incarcerated for sixty-eight days prior to his revocation hearing, and for thirty-three days after the hearing. After the revocation hearing, Defendants decided not revoke Plaintiff's parole. Plaintiff also claims he was unlawfully required to work during this incarceration, in violation of the Thirteenth Amendment's prohibition on slavery. He seeks money damages.

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge**                    Page -1-

## II.    SCREENING

A district court may summarily dismiss a complaint filed *in forma pauperis* if it

concludes the action is : (1) frivolous or malicious; (2) fails to state a claim on which relief may

be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.  28

U.S.C. § 1915(e)(2)(B).  To state a claim upon which relief may be granted, a plaintiff must

plead "enough facts to state a claim to relief that is plausible on its face[,]" *Bell Atlantic Corp. v.*

*Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise

a right to relief above the speculative level . . . ."  *Id*. at 555.  "A claim has facial plausibility

when the plaintiff pleads factual content that allows the court to draw the reasonable inference

that the defendant is liable for the misconduct alleged.*"  Ashcroft v. Iqbal*, 556 U.S. 162, 129

S.Ct. 1937, 1949 (2009).  While a complaint need not contain detailed factual allegations, the

plaintiff must allege more than labels and conclusions.  *Twombly*, 550 U.S. at 555.

## III.    DISCUSSION

Plaintiff alleges Defendants violated his civil rights under § 1983.  The Eleventh

Amendment, however, bars Plaintiff's claims against Defendants because Defendants are state

agencies.  *See Littles v. Bd. of Pardons & Paroles Div.*, 68 F.3d 122 (5th Cir. 1995) (*per curiam*)

("The Texas Board of Pardon and Paroles, a division of the Texas Department of Criminal

Justice, is cloaked with Eleventh Amendment immunity."); *Oliver v. Scott*, 276 F.3d 736, 742

(5th Cir. 2002) (stating the Eleventh Amendment bars suit against the Texas Department of

Criminal Justice).  Parole Board members are also immune from suit under § 1983.  *Husley v.*

*Owens*, 63 F.3d 354, 356-57 (5th Cir. 1995).  Further, Plaintiff has not alleged there was no

probable cause to detain him for a revocation hearing.  Finally, the Fifth Circuit has stated that

requiring prisoners to work without pay does not violate a prisoner's constitutional rights.  *See*

*Wendt v. Lynaugh*, 841 F.2d 619, 621 (5th Cir. 1988).

## RECOMMENDATION

The Court recommends that Plaintiff's complaint be dismissed pursuant to 28 U.S.C. §

1915(e)(2)(B).

Signed this 5th  day of November, 2013.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).